# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

LAWRENCE HANNON, *et al.*,

    Plaintiffs,

v.

WELLS FARGO BANK, N.A.,

    Defendant.

Case No. 2:10-CV-00966-KJD-LRL

**ORDER**

    Presently before the Court is Defendant's Motion to Dismiss (#4). Plaintiffs filed a response in opposition (#13) to which Defendant replied (#14). After Plaintiffs became delinquent in their mortgage payments, they received Notice of Default and Election to Sell. Plaintiffs then opted in to the foreclosure mediation program envisioned by Assembly Bill 149. Plaintiffs attended the scheduled mediation on March 3, 2010 with Defendant's authorized agent and representative, Trent Loucks. The parties reached an agreement at the mediation to reinstate and modify the loan. The mediator memorialized the essential terms of the agreement and both parties signed the document. As part of the agreement, Plaintiffs promised to pay foreclosure fees and costs in the amount of $4,058.88 on April 15, 2010. Plaintiffs' first monthly payment under the new, negotiated terms was due May 1, 2010.

Under Assembly Bill 149, Plaintiffs had fifteen days after the date of the mediator's statement to file a petition for judicial review. It appears that the mediator's statement issued on or about March 3, 2010. Thus, Plaintiffs' right to judicial review of the mediation expired on or about March 18, 2010. On March 29, 2010, Notice of Default and Intention to Sell was again filed giving Plaintiffs notice that their property was to be foreclosed.

Under the facts and law it presents to the court, Defendant asserts that a lender may attend the mediation, sign an "agreement" which states the essential terms of a loan modification, wait until the borrower's right to judicial review of the mediation has expired, then again notice default and election to sell, thereby foreclosing on the property without another word regarding the agreement worked out at the mediation. Further, the effect of Defendant's position that Plaintiffs' claims are preempted by federal banking laws would be to nullify the entire mediation program crafted by the State of Nevada to protect homeowners and salvage some portion of the state's real estate market and economy.

The claims as crafted in Plaintiffs' proposed amended complaint do not fail to state a claim upon which relief may be granted. Defendant's objections based on the language of the mediation agreement, merely raise issues of fact regarding the creation of a contract. In considering a motion to dismiss, "all well-pleaded allegations of material fact are taken as true and construed in a light most favorable to the non-moving party." Wyler Summit Partnership v. Turner Broadcasting System, Inc., 135 F.3d 658, 661 (9th Cir. 1998) (citation omitted). Consequently, there is a strong presumption against dismissing an action for failure to state a claim. See Gilligan v. Jamco Dev. Corp., 108 F.3d 246, 249 (9th Cir. 1997) (citation omitted). Accordingly, taking the facts of the proposed amended complaint as true, Plaintiffs have adequately stated a claim for each cause of action in their proposed amended complaint. Furthermore, the claims as crafted are not preempted as asserted by Defendant.

////

////

////

Accordingly, IT IS HEREBY ORDERED that Defendant's Motion to Dismiss (#4) is **DENIED**;

IT IS FURTHER ORDERED that Plaintiffs' Motion to Amend Complaint is **GRANTED**.

DATED this 21st day of March 2011.

_____
Kent J. Dawson
United States District Judge