# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

LAWRENCE HANNON, *et al.*,

    Plaintiffs,

v.

WELLS FARGO HOME MORTGAGE, aka WELLS FARGO BANK, NA, *et al.*,

    Defendants.

Case No. 2:10-CV-00966-KJD-GWF

**ORDER**

    Presently before the Court are Defendants' Motions to Dismiss (#23/26). Since the filing of Defendants' motions to dismiss, discovery has been completed and motions for summary judgment covering the exact same claims have been filed. Therefore, the Court will deny the motions to dismiss as moot. However, the Court will consider the legal arguments made in the motions to dismiss when ruling upon the motions for summary judgment. Being able to consider undisputed issues of fact in resolving the motions for summary judgment will allow the Court to more comprehensively determine whether any claims should be resolved by a trier of fact.

    Also before the Court is Defendant Wells Fargo's Motion to Strike (#56) Plaintiff's Counter-motion for Partial Summary Judgment (#60). Plaintiffs filed a response in opposition (#64) to which Wells Fargo replied (#67). Finally before the Court is Plaintiffs' Counter-motion for Extension of

Time to File Dispositive Motions (#65). Defendant Wells Fargo filed a response in opposition (#66) to which Plaintiffs replied (#68). Having read and considered the motion to strike and the motion to extend time, the Court denies the motion to strike and grants the motion to extend time.

Federal Rule of Civil Procedure 6 (b) allows a court to accept a late filing when the failure to act timely is the result of excusable neglect. Late filings caused by inadvertence, mistake or carelessness are permitted under the Rule with approval of the court. See <u>Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. Partnership</u>, 507 U.S. 380, 388 (1993). In this instance, Plaintiffs failed to timely file their dispositive motion, and instead filed a counter-motion for partial summary judgment to Defendants' dispositive motions which were filed on the last day permitted under the Scheduling Order (#22). The Court finds that Plaintiffs late filing was a result of excusable neglect and that Defendants will not be prejudiced by the late filing which was done contemporaneously with their response to the motions for summary judgment.

Accordingly, IT IS HEREBY ORDERED that Defendants' Motions to Dismiss (#23/26) are **DENIED as moot**;

IT IS FURTHER ORDERED that Defendant Wells Fargo's Motion to Strike (#56) is **DENIED**;

IT IS FURTHER ORDERED that Plaintiffs' Counter-motion for Extension of Time to File Dispositive Motions (#65) is **GRANTED**.

DATED this 7th day of February 2012.

_____
Kent J. Dawson
United States District Judge